UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | DOCKET NO. 3:19-cr-00276 |
| v. ) | |
| ) | **FACTUAL BASIS** |
| [1]CEDRIC ALPHONSO LIVINGSTON ) | |
| ) | |

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to the plea agreement, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crime(s). The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

1. On or about March 5, 2019, within the Western District of North Carolina, the defendant participated in a controlled narcotics transaction with a confidential informant.

2. The confidential informant was working with law enforcement officers.

3. During this particular transaction the defendant sold cocaine base to the informant.

4. At the time of the transaction, the defendant knowingly and intentionally possessed the cocaine base.

5. On at least eight different occasions between February 2019 and August 2019, the defendant participated in additional controlled transactions with a confidential informant.

6. At the time of these additional transactions, the defendant knowingly and intentionally possessed the cocaine base.

7. Based on the all the controlled transactions described above, and information obtained during the course of the investigation, at least 112 but less than 196 grams of cocaine base was reasonably foreseeable and attributable to the defendant as part of his distribution activities during the course of this particular law enforcement investigation.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_____
LAMBERT GUINN
ASSISTANT UNITED STATES ATTORNEY

Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis, the Bill of Indictment, and the plea agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Indictment, and the plea agreement. I hereby certify that the defendant does not dispute this Factual Basis.

_____        DATED: 12/17/19
Scott Hadden Gsell,
Attorney for Defendant

_____        DATED: 12/17/19
CEDRIC LIVINGSTON

2